JAMES HOGG V. THE STATE.

No. 21120. Delivered June 5, 1940.

The opinion states the case.

*W. A. Johnson* and *Robert P. Brown,* both of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of car theft, and by the jury sentenced to serve two years in the State penitentiary.

The statement of facts herein was filed ninety-seven days after the overruling of the appellant's motion for a new trial. Appellant's attorneys furnish us with their affidavits, the burden of which seems to be that because the trial court ordered the court reporter to prepare and furnish the appellant a statement of facts upon his filing of an affidavit of inability to pay for same or provide security therefor, that it was incumbent upon the part of such reporter to see that same was actually placed in the hands of appellant's attorneys. It is evident that such attorneys were wholly without diligence in this matter. It appears that the statement of facts was ordered by the court in the following order filed December 16, 1939: "The above and foregoing affidavit having been presented to me

and heard and considered, it is hereby ordered that the court reporter for the 51st District Court prepare and furnish defendant a statement of facts on appeal in said cause."

It is shown that such reporter had this statement prepared and ready for appellant within thirty days from the date of this order, but appellant's attorneys made no effort to obtain the same and present it to the district attorney for agreement, nor to the district judge for approval, until the same was called to their attention by the district attorney. We are impressed with the fact that no diligence was shown in this matter. We do not think it to be the duty of the court reporter to actually see that all interested parties sign and agree and approve the statement of facts, but it is his duty to prepare and furnish such a statement only; and this statement being filed ninety-seven days after the notice of appeal was entered, that the same is filed too late for consideration.

There are no bills of exception in the record. The indictment appears to be regular, and we note that the court gave the only special charge submitted by the appellant.

No error being shown, the judgment is affirmed.